

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

IN THE INTEREST OF A. N. G., A
CHILD,

Appellant.

§          No. 08-19-00088-CV

§          Appeal from the

§          383rd District Court

§          of El Paso County, Texas

§          (TC# 2010DM094)

§

**O R D E R**

On the same date he filed the notice of appeal, Appellant filed with this Court a Statement of Inability to Afford Payment of Courts Costs. *See* TEX.R.CIV.P. 145. The court reporter, Anne M. Clark, filed a challenge to Appellant's Statement of Inability as provided for by Rule 145(f)(3). *See* TEX.R.CIV.P. 145(f)(3)(court reporter may move to require the declarant to prove the inability to afford costs). The Court granted Appellee's motion to strike the Statement of Inability and Appellant filed a corrected Statement of Inability. We have determined it is necessary for the trial court to conduct a hearing as contemplated by Rule 145. The burden is on Appellant to prove at the hearing he is unable to pay costs. The hearing should be conducted as soon as practicable, but Appellant must be given ten days' notice of the hearing. *See* TEX.R.CIV.P. 145.

The trial court must issue an order which complies with TEX.R.CIV.P. 145(f)(6). In the event that the trial court finds that Appellant can afford to pay costs, Appellant can challenge that

1

ruling by motion filed in this Court pursuant to TEX.R.APP.P. 145(g) no later than ten days after the order is signed. The trial court shall forward its order to the District Clerk of El Paso County, Texas as soon as practicable after the hearing, but no later than three days after the order is signed. The District Clerk shall prepare and forward a supplemental clerk's record containing the order to this Court as soon as possible, but no later than five days after the trial court files the order. It will not be necessary for the court reporter to file a record of the hearing unless the trial court rules that Appellant is able to afford to pay for the reporter's record. All appellate deadlines shall be suspended pending resolution of these issues. The Court will issue an order reestablishing the appellate deadlines.

IT IS SO ORDERED this 1st day of May, 2019.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.